UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| CHARLES DIDIER CALIXTE,<br><br>       Plaintiff,<br><br>  -against-<br><br>MTA NEW YORK CITY TRANSIT,<br><br>       Defendant. |

24-CV-8436 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff brings this action *pro se*. He alleges that an officer from the 71st Precinct, in Kings County, New York, arrested him without probable cause in connection with his purchase of multiple MetroCards. He brings this suit against Defendant "MTA New York City Transit." For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

  Under the general venue statute, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

  For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that he was arrested on March 13, 2024, by an officer from "Police Precinct 71," in Kings County, based on false allegations that he purchased "two metrocard[s] for the same month." (ECF 1 at 6.) He also attaches: (1) a notice of entry of judgment in the Supreme Court, Kings County, for his March 13, 2024 summons; and (2) documents with information about individuals in unrelated incidents who had been falsely accused of "scalping" tickets and had succeeded in pursuing false arrest claims. (*Id.* at 11-12.)

Plaintiff's claims arose in Kings County, which is in the Eastern District of New York. 28 U.S.C. § 112(c). Venue thus does not appear to be proper in this district under Section 1391(b)(2), based on the place where the events giving rise to the claims occurred. Venue under Section 1391(b)(2) is proper in the Eastern District of New York.

Venue does lie in this district, under Section 1391(b)(1), based on the residence of the MTA; it is not clear, however, that the MTA is the proper defendant for Plaintiff's claims that a police officer in Kings County falsely arrested him.

Even if venue is proper in the district where a case is filed, a court may transfer the case "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district where it might have been brought. 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the

relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Kings County, and the Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court.

This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would

3

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 10, 2025
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                      Chief United States District Judge