UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES DIDIER CALIXTE, | |
| Plaintiff, | |
| -against- | 24-CV-8436 (LTS) |
| MTA NEW YORK CITY TRANSIT, | ORDER |
| Defendant. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated March 10, 2025, the Court directed that Plaintiff's complaint be transferred to the United States District Court for the Eastern District of New York. On March 19, 2025, Plaintiff opposed transfer. For the reasons set forth below, the Court concludes that Plaintiff has not shown any reason why this action should not be transferred.

## DISCUSSION

The transfer of an action divests the transferor court of jurisdiction over that action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957). The transferor court retains jurisdiction "prior to receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995); *see also Tlapanco v. Elges*, No. 15-CV-2852 (AJN), 2017 WL 4329789, at *3 (S.D.N.Y. Sept. 14, 2017) (holding that the transferor court retains jurisdiction if "a party opposing the transfer . . . preserve[d] his opportunity to attack the decision by filing a motion for a stay or for reconsideration or a notice of appeal in the transferor court, or a petition for mandamus in a superior court, before the transfer is given effect").

Under Local Civil Rule 83.1 of this court, the Clerk of Court waits seven days before effectuating transfer, unless directed to act otherwise. Here, the transfer order was entered on the docket on March 12, 2025, and Plaintiff filed his opposition to transfer on March 19, 2025,

before transfer took effect. The Court therefore retains jurisdiction to consider Plaintiff's application.

In Plaintiff's submission, titled "affidavit in opposition of transferring," he states that he had been "falsely arrested in Queens, NY by racist NYPD Transit Police at the 179 St Jamaica subway last stop." (ECF 14 at 1.) Plaintiff indicates that he contested the $100 summons that he received in Queens County, by submitting a "not guilty" plea by email with the Transit Adjudication Bureau, which is in Brooklyn, New York. (*Id.*) Plaintiff does not make any argument why venue is not proper in the Eastern District of New York, or why this action should not be transferred. Plaintiff thus has not shown any reason why the order transferring this action to the United States District Court for the Eastern District of New York should not take effect.

## CONCLUSION

The Clerk of Court is directed, without further delay, to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: March 24, 2025
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge